**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBIN DUBOC KIMBELL,<br><br>          Plaintiff,<br><br>     v.<br><br>REPUBLIC OF AUSTRIA, et al.,<br><br>          Defendants. | Case No. CV 17-4767 FMO (SS)<br><br>**MEMORANDUM DECISION AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

**I.**

**INTRODUCTION**

On June 28, 2017, plaintiff Robin Duboc Kimbell ("Plaintiff"), a California resident proceeding pro se, filed a Complaint for Money Damages ("Complaint" or "Compl."). Plaintiff alleges civil rights claims and asserts that they arise under 42 U.S.C. § 1985; the Foreign Sovereign Immunities Act, 28 U.S.C. § 1606; and the Sarbanes-Oxley Act, 18 U.S.C. § 1519, among other state and federal laws. (Dkt. No. 1).

Congress mandates that district courts perform an initial screening of complaints in civil actions where a prisoner seeks redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). This Court may dismiss such a complaint, or any portion thereof, before service of process if the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1-2); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc). For the reasons stated below, the Complaint is DISMISSED with leave to amend.[1]

## II.

## ALLEGATIONS OF THE COMPLAINT

Plaintiff's fifty-four page Complaint asserts fourteen different claims against more than twenty Defendants. Many of the Defendants are government officials of the United States and the Republic of Austria, including the Austrian minister of justice, various Assistant United States Attorneys, and the director of the Office of International Affairs in the United States Department of Justice. Plaintiff also sues her former husband and a United States District Judge.

---

[1] A magistrate judge may dismiss a complaint with leave to amend without the approval of a district judge. See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

The Complaint's allegations concern the forfeiture of an Austrian bank account that was seized in connection with the criminal conviction of Plaintiff's former husband. Plaintiff asserts she was an innocent spouse and was entitled to the funds based on certain agreements with her former husband. She claims that by executing the forfeiture, Defendants should be held liable for conspiracy to violate her civil rights, as well as the wrongful taking and retention of property, fraud, breach of contract, intentional infliction of emotional distress, and other claims.

## III.

## DISCUSSION

### The Complaint Fails To Satisfy Federal Rule of Civil Procedure 8

Under 28 U.S.C. § 1915A(b), the Court must dismiss the Complaint due to pleading defects. However, the Court must grant a pro se litigant leave to amend her defective complaint unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted). Although unlikely, it is not "absolutely clear" that at least some of the defects of Plaintiff's Complaint could not be cured by amendment. The Complaint is therefore DISMISSED with leave to amend.

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim

showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). Rule 8(e)(1) instructs that "[e]ach averment of a pleading shall be simple, concise, and direct." Rule 8 may be violated when a pleading "says too little," and "when a pleading says too much." Knapp v. Hogan, 738 F.3d 1106, 1108 (9th Cir. 2013) (emphasis in original). Lengthy complaints violate Rule 8 if a defendant would have difficulty responding to the complaint. Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1059 (9th Cir. 2011).

Here, among other pleading deficiencies, the Complaint fails to set out Plaintiff's claims and allegations in a clear and concise manner. Plaintiff instead includes a morass of details and averments, often in lengthy paragraphs. The claims, moreover, lump together all U.S. and Austrian Defendants, mostly neglecting to tie claims and allegations to any particular Defendant. In sum, the Complaint prevents Defendants from being able to effectively understand the claims at issue and form an appropriate response. As such, the Complaint violates Rule 8 and must be dismissed.

**IV.**

**CONCLUSION**

For the reasons stated above, the Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, she is granted **thirty (30) days** from the date of this Memorandum

4

and Order within which to file a First Amended Complaint. In any amended complaint, the Plaintiff shall cure the defects described above. **Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the original complaint.** The First Amended Complaint, if any, shall be complete in itself and shall bear both the designation "First Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to any previously filed complaint in this matter.

In any amended complaint, Plaintiff should confine her allegations to those operative facts supporting each of her claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, <u>a copy of which is attached.</u>** In any amended complaint, Plaintiff should identify the nature of each separate legal claim and make clear what specific factual allegations support each of her separate claims. Plaintiff is strongly encouraged to keep her statements concise and to omit irrelevant details. **<u>It is not necessary for Plaintiff to cite case law, include legal argument, or attach exhibits at this stage of the litigation</u>. Plaintiff is also advised to omit any claims for which she lacks a sufficient factual basis.**

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint or failure to correct the deficiencies**

**described above, will result in a recommendation that this action be dismissed with prejudices for failure to prosecute and obey court orders pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff is further advised that is she no longer wishes to pursue this action, she may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for Plaintiff's convenience.**

DATED: August 24, 2017

                                            /S/
                                     SUZANNE H. SEGAL
                                     UNITED STATES MAGISTRATE JUDGE