1
2
3
4
5
6
7
8       **UNITED STATES DISTRICT COURT**

9       **CENTRAL DISTRICT OF CALIFORNIA**

10

11  ROBIN DUBOC KIMBELL,                Case No. CV 17-4767 FMO (SS)

12              Plaintiff,

13       v.                             **MEMORANDUM AND ORDER**

14  DR. STEPHEN BENNER, et al.,         **DISMISSING FIRST AMENDED**

15              Defendants.             **COMPLAINT WITH LEAVE TO AMEND**

16

17                                   **I.**

18                             **INTRODUCTION**

19

20      On June 28, 2017, plaintiff Robin Duboc Kimbell ("Plaintiff"),

21  a California resident proceeding pro se, filed a civil rights

22  complaint (Dkt. No. 1), which the Court dismissed with leave to

23  amend due to defects in pleading (Dkt. No. 10).  Pending before

24  the Court is Plaintiff's First Amended Complaint ("FAC").  (Dkt.

25  No. 13).

26

27      Congress mandates that district courts perform an initial

28  screening of complaints in civil actions where a prisoner seeks

redress from a governmental entity or employee. 28 U.S.C. § 1915A(a). The court may dismiss such a complaint, or any portion of it, before service of process if it concludes that the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc). For the reasons stated below, the First Amended Complaint is DISMISSED with leave to amend.[1]

## II.

## ALLEGATIONS OF THE FIRST AMENDED COMPLAINT

The facts underlying the Complaint and the First Amended Complaint are largely the same. Plaintiff's forty-one page First Amended Complaint asserts nine different claims against eighteen Defendants. Many of the Defendants are government officials of the United States and the Republic of Austria, including the Austrian minister of justice, several United States Attorneys, and officials in the United States Department of Justice. Plaintiff also sues her former husband and a United States District Judge. Specifically, the First Amended Complaint names: (1) Dr. Stephen Benner, Minister of Justice, Republic of Austria; and (2) Dr. Peter Seda, Public Prosecutor, Vienna Municipal Criminal Court (collectively, "Austrian Defendants"). (FAC ¶¶ 4-5). The First

---

[1] A magistrate judge may dismiss a complaint with leave to amend without the approval of a district judge. See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

Amended Complaint also names: (3) F. Michael Patterson, United States Attorney, Northern District of Florida; (4) J.D. Roy Atcheson, Unites States Attorney, Northern District of Florida; (5) Thomas F. Kirwin, Assistant United States Attorney, Northern District of Florida; (6) Randall J. Hensel, Assistant United States Attorney, Northern District of Florida; (7) Robert J. Stinson, Assistant United States Attorney, Northern District of Florida; (8) Gregory R. Miller, United States Attorney, Northern District of Florida; (9)Linda M. Samuel, Assistant United States Attorney, Northern District of Florida; (10) Dave McGee, Assistant United States Attorney, Northern District of Florida; (11) Mary Ellen Warlow, Director, Office of International Affairs, United States Department of Justice; (12) Kendall Day, Chief, Asset Forfeiture, United States Department of Justice; (13) Maurice M. Paul (deceased), District Court Judge; (14) Robert Davies, Assistant United States Attorney, Northern District of Florida; (15) James Hankinson, Assistant United States Attorney, Northern District of Florida; and (16) Michael J. Burke, Trial Attorney, United States Department of Justice (collectively, "Federal Defendants"). (FAC ¶¶ 6-18, 21). Finally, the First Amended Complaint names (17) Claude Louis Duboc ("Duboc"), Plaintiff's former husband, and (18) the Banque Gutmann Administrators ("Banque Gutmann"), Vienna, Austria. (FAC ¶¶ 19-20). All Defendants are sued in their official capacities. (FAC ¶¶ 4-21)

The First Amended Complaint's allegations concern the forfeiture of an Austrian bank account that was seized in connection with the criminal conviction of Plaintiff's former

husband. Plaintiff asserts she was an innocent spouse and was entitled to the funds based on certain agreements with her former husband. She claims that by executing the forfeiture, Defendants violated her civil rights pursuant to 42 U.S.C. § 1983, conspired to violate her civil rights pursuant to 42 U.S.C. § 1985, as well as engaged in the wrongful taking and retention of property, fraud, breach of contract, intentional infliction of emotional distress, and other statutory and tort claims.

## III.

### DISCUSSION

Under 28 U.S.C. § 1915A(b), the Court must dismiss Plaintiff's First Amended Complaint due to multiple pleading defects. However, the Court must grant a pro se litigant leave to amend her defective complaint unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted). Accordingly, for the reasons stated below, the First Amended Complaint is DISMISSED with leave to amend.[2]

---

[2] Under 28 U.S.C. § 1367(a), if a district court has original jurisdiction over one or more claims, the court also has supplemental jurisdiction over all state law claims that arise out of the same transaction or occurrence. 28 U.S.C. § 1367(a). However, if all federal claims have been dismissed, the district court no longer has supplemental jurisdiction over the state law claims. Id. Here, the Court has dismissed all of Plaintiff's federal claims with, leave to amend. As a result, the Court no longer has jurisdiction over Plaintiff's state law claims.

4

## A.  The First Amended Complaint Violates Federal Rule Of Civil Procedure 8

Federal Rule of Civil Procedure 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (citation and alteration omitted).  Each claim must be simple, concise, and direct.  Fed. R. Civ. P. 8(d)(1).  Rule 8 can be violated when "too much" or "too little" is said.  <u>Knapp v. Hogan</u>, 738 F.3d 1106, 1109 (9th Cir. 2013).

Here, the First Amended Complaint does not comply with Rule 8.  Plaintiff does not <u>clearly and concisely</u> identify the nature of each of her legal claims, the <u>specific facts</u> giving rise to each claim, and the <u>specific conduct</u> of each Defendant or Defendants against whom each claim is brought.  The First Amended Complaint is not a <u>short and plain statement</u> of Plaintiff's claims.  Rather, it consists of rambling, repetitious and largely incoherent statements.  It includes <u>unnecessarily long</u> and often <u>irrelevant factual allegations</u> and <u>extraneous argument</u>.  Instead of <u>focusing and narrowing</u> the claims in her Complaint, Plaintiff's First Amended unnecessarily contains <u>over 40 pages and 125 paragraphs</u>.  Consequently, the FAC fails to provide a simple, concise and direct

---

Accordingly, Plaintiff's state law claims are dismissed without prejudice.

5

statement of each violation alleged.  Thus, the First Amended Complaint fails to provide Defendants with fair notice of the claims in a short, clear and concise statement.  See Twombly, 550 U.S. at 555. Accordingly, the First Amended Complaint is dismissed, with leave to amend.

Dismissal is appropriate based solely on Plaintiff's failure to comply with Rule 8.  However, to the extent that the Court is able to discern claims that Plaintiff may be attempting to raise, the Court reviews these claims and the relevant law below.

**B.    Plaintiff Fails To State Any Claim Against Either Duboc Or Banque Gutmann**

In order to state a claim, the complaint need not contain detailed factual allegations, but it must, at a minimum, plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

Here, other than generally describing who Duboc and Banque Gutmann are (FAC ¶¶ 19-20), the First Amended Complaint does not tie either of these Defendants to any of the nine alleged claims (FAC ¶¶ 69-118).  As a result, Plaintiff fails to state any claim against Duboc or Banque Gutmann, and Plaintiff's claims against Duboc and Banque Gutmann must be dismissed, with leave to amend.

## C.  Plaintiff Fails To State A Civil Rights Claim Against Any Of The Austrian Defendants Or The Federal Defendants

Plaintiff purports to sue each of the Austrian Defendants and Federal Defendants for violations of her civil rights pursuant to 42 U.S.C. § 1983.  (FAC at 1-10).  To gain relief under § 1983, a plaintiff must plead: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991).  Acts " 'under color of state law' refer to acts attributable to states of the United States."  Gerritsen v. de la Madrid Hurtado, 819 F.2d 1511, 1518 (9th Cir. 1987).  A defendant acts "under color of state law" where he or she "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."  West v. Atkins, 487 U.S. 42, 49 (1988).  "Although federal officials acting under federal authority are generally not considered to be state actors, they may be liable under § 1983 if they are found to have conspired with or acted in concert with state officials to some substantial degree."  Cabrera v. Martin, 973 F.2d 735, 742 (9th Cir. 1992).  Thus, because

7

"federal officials do not ordinarily act under color of state law[,] . . . constitutional violations by federal officials are generally beyond the reach of § 1983." Poon v. Doe, No. 10 CV 0028, 2010 WL 307924, at *3 (E.D. Cal. Jan. 19, 2010); see Kali v. Bowen, 854 F.2d 329, 331 (9th Cir. 1988) ("federal officials who violate federal rights protected by § 1983 generally do not act under 'color of state law' ") (citation and alteration omitted). Similarly, acts by a foreign government and its officials "cannot constitute conduct under color of state law." Gerritsen, 819 F.2d at 1515.

Here, the First Amended Complaint does not allege how any of the Austrian Defendants or Federal Defendants acted under color of state law.  None of these Defendants are alleged to have exercised any power possessed by virtue of state law.  To the contrary, the First Amended Complaint alleges that these Defendants used their authority as federal officials and Austrian government officials to illegally seize assets belonging to Plaintiff in an Austrian bank account.  These alleged actions do not amount to acting under color of state law.  Accordingly, Plaintiff's § 1983 claims against the Austrian Defendants and the Federal Defendants must be dismissed, with leave to amend.

**D.** **Plaintiff Fails To State A Claim Against The Federal Defendants In Their Official Capacities**

A suit for damages against a federal employee in his or her official capacity is functionally a suit against the United States.

Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985); see Gibson v. United States, 781 F.2d 1334, 1341 (9th Cir. 1986) (noting that Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), is "the judicially crafted counterpart to section 1983, enable[ing] victims of federal misconduct to sue the individual federal wrongdoers responsible for the transgression of their rights").  However, a civil rights action against a federal defendant may be brought only against an offending individual officer or officers, not the United States or its agencies.  Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 72 (2001); see id. at 70-71 (explaining that because the "purpose of Bivens is to deter individual federal officers from committing constitutional violations," the "deterrent effects of the Bivens remedy would be lost" if the Court "were to imply a damages action directly against federal agencies"). As such, no cause of action is available under Bivens against federal employees sued in their official capacities.[3] Ibrahim v. Dep't of Homeland Sec., 538 F.3d 1250, 1257 (9th Cir. 2008).

    Here, the First Amended Complaint names each Federal Defendant in his or her official capacity.  (FAC ¶¶ 6-18, 21).  However, as stated above, no cause of action is available under Bivens against federal employees in their official capacities.  Accordingly,

_____

[3] The First Amended Complaint does not explicitly characterize any of Plaintiff's claims as brought under Bivens.  However, because Plaintiff is proceeding pro se, the Court must liberally construe the pleading.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) ("[W]e continue to construe pro se filings liberally when evaluating them under [Ashcroft v. Iqbal, 556 U.S. 662 (2009)]".

Plaintiff's official capacity claims against the Federal Defendants must be dismissed, with leave to amend.

**E.  Plaintiffs' Bivens Claims May Not Be Cognizable**

The Supreme Court reiterated recently that expanding the _Bivens_ remedy beyond those contexts the Supreme Court has previously recognized is "disfavored." _Ziglar v. Abbasi_, 137 S. Ct. 1843, 1857 (2017); _see_ _Ashcroft v. Iqbal_, 556 U.S. 662, 675 (2009) ("Because implied causes of action are disfavored, the Court has been reluctant to extend _Bivens_ liability to any new context or new category of defendants.") (citation omitted); _Corr. Servs. Corp. v. Malesko_, 534 U.S. 61, 74 (2001) (urging "caution" before "extending _Bivens_ remedies into any new context"); _see also_ _Gonzalez v. Velez_, 864 F.3d 45, 52 (1st Cir. 2017) ("While the boundaries of _Bivens_-type liability are hazy, the Supreme Court, in its most recent term, made plain its reluctance to extend the _Bivens_ doctrine to new settings."). In _Bivens_, the Supreme Court held that a Fourth Amendment violation by federal agents - an illegal search of an individual's home - while acting under color of governmental authority, gave rise to a cause of action for money damages against those agents in their individual capacities. 403 U.S. at 389. Since deciding _Bivens_, the Supreme Court has recognized an implied right of action for constitutional torts by federal actors in only two other contexts. _See_ _Davis v. Passman_, 442 U.S. 228, 243-44 (1979) (Fifth Amendment gender discrimination); _Carlson v. Green_, 446 U.S. 14, 20-23 (1980) (Eighth Amendment medical mistreatment). Indeed, over the last 30

years, the Court has "consistently refused to extend Bivens liability to any new context or new category of defendants." Malesko, 534 U.S. at 68; accord Abbasi, 137 S. Ct. at 1857. The Court has declined to create an implied damages remedy in the following circumstances: a First Amendment suit against a federal employer, Bush v. Lucas, 462 U.S. 367, 390 (1983); a race-discrimination suit against military officers, Chappell v. Wallace, 462 U.S. 296, 297, 304-05 (1983); a substantive due process suit against military officers, United States v. Stanley, 483 U.S. 669, 671-72, 683-84 (1987); a procedural due process suit against Social Security officials, Schweiker v. Chilicky, 487 U.S. 412, 414 (1988); a procedural due process suit against a federal agency for wrongful termination, FDIC v. Meyer, 510 U.S. 471, 473-74 (1994); an Eighth Amendment suit against a private prison operator, Malesko, 534 U.S. at 63; a due process suit against officials from the Bureau of Land Management, Wilkie v. Robbins, 551 U.S. 537, 547-48, 562 (2007); an Eighth Amendment suit against prison guards at a private prison, Minneci v. Pollard, 565 U.S. 118, 120 (2012); and Fourth and Fifth Amendment detention policy claims against Department of Justice officials and wardens related to restrictive conditions of confinement and frequent strip searches, Abbasi, 137 S. Ct. at 1853-54, 1863.

Abbasi clarifies that "a Bivens remedy will not be available if there are special factors counselling hesitation in the absence of affirmative action by Congress." 137 S. Ct. at 1857. While the Supreme Court has not defined the phrase "special factors counselling hesitation," "[t]he necessary inference . . . is that

the inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." Id. at 1857-58. "These and other considerations may make it less probable that Congress would want the Judiciary to entertain a damages suit in a given case." Id. at 1858.

Here, none of Plaintiff's claims fits into an existing Bivens cause of action. To the contrary, multiple Supreme Court decisions have rejected extending Bivens for due process violations. See Chilicky, 487 U.S. at 414; Meyer, 510 U.S. at 473–74; Robbins, 551 U.S. at 547-48, 562. Accordingly, to the extent that the First Amended Complaint is making any Bivens claims, they must be dismissed, with leave to amend.

**F.    The Federal Defendants May Be Entitled To Immunity**

Prosecutorial immunity protects eligible government officials who perform functions "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). "A prosecutor is protected by absolute immunity from liability for damages under § 1983 'when performing the traditional functions of an advocate.' " Genzler v. Longanbach, 410 F.3d 630, 636 (9th Cir. 2005) (quoting Kalina v. Fletcher, 522 U.S. 118, 131 (1997)). Absolute immunity applies even if it " 'leave[s] the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.' " Genzler, 410 F.3d at 637 (quoting Imbler v. Pachtman,

424 U.S. 409, 432 (1976)).  The immunity extends to all "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).  Thus, "[federal] officials enjoy absolute immunity from civil liability related to their performance of 'prosecutorial' functions." Koubriti v. Convertino, 593 F.3d 459, 467 (6th Cir. 2010); see Richards v. Boudreau, 62 F.3d 1425 (9th Cir. 1995) ("[federal] defendants were entitled to sovereign and prosecutorial immunity to the extent they were sued in their official capacities, and to qualified immunity to the extent the complaint challenged their actions outside their official capacities").  Similarly, "Judges are immune from damage actions for judicial acts taken within the jurisdiction of their courts." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986); see Snegirev v. Sedwick, 407 F. Supp. 2d 1093, 1096 (D. Alaska 2006) ("Judges enjoy absolute immunity from Bivens suits for their rulings, even if those rulings are clearly erroneous and maliciously motivated."); Pangelinan v. Wiseman, 370 F. App'x 818, 819 (9th Cir. 2010) ("The district court properly concluded that the judges were immune to the extent they were sued for claims arising from their decisions in [plaintiff's] lawsuits."); Donaghe v. United States, 238 F.3d 428 (9th Cir. 2000) ("The district court properly dismissed Donaghe's Bivens claims based on judicial and prosecutorial immunity.").

Here, the First Amended Complaint alleges that as part of their official duties as United States Attorneys, Assistant United

13

States Attorneys and District Court Judge, the Federal Defendants wrongfully seized assets belonging to Plaintiff.  Accordingly, the claims against the Federal Defendants must be dismissed on immunity grounds.

**G.    Plaintiff's Claims May Be Time-Barred**

Civil rights claims under 42 U.S.C. §§ 1983 and 1985 and Bivens are all subject to the forum state's statute of limitations for personal injury claims.  Owens v. Okure, 488 U.S. 235, 236 (1989); Van Strum v. Lawn, 940 F.2d 406, 410 (9th Cir. 1991); see Carpinteria Valley Farms, Ltd. v. County of Santa Barbara, 344 F.3d 822, 828 (9th Cir. 2003) ("The applicable statute of limitations for actions brought pursuant to 42 U.S.C. § 1983 is the forum state's statute of limitations for personal injury actions.").  "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999).  Effective January 1, 2003, the statute of limitations for personal injury actions in California is two years.  Cal. Code Civ. Proc. § 335.1."

Here, Plaintiff alleges that the "wrongful forfeiture actions" by Defendants began in 1996 and continued through 2004.  (FAC ¶¶ 2, 31-43).  Thus, it appears that Plaintiff's claims may be time-barred by the two-year statute of limitations.

## H.  **Plaintiff Fails To State A Due Process Claim**

In Claim 1, Plaintiff alleges that the Gutmann Bank Account was seized by Defendants without due process of law, as required by the Fifth and Fourteenth Amendments.  (FAC ¶¶ 69-73).  The Due Process Clause of the Fifth Amendment forbids the federal government from depriving persons of "life, liberty, or property, without due process of law."  U.S. Const. amend. V.  "The Due Process Clause, like its forebear in the Magna Carta . . . was intended to secure the individual from the arbitrary exercise of the powers of government." Daniels v. Williams, 474 U.S. 327, 331 (1986) (citation omitted).  "By requiring the government to follow appropriate procedures when its agents decide to 'deprive any person of life, liberty, or property,' the Due Process Clause promotes fairness in such decisions." Id.  To state a procedural due process claim under § 1983, a plaintiff must allege "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3) lack of process." Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996); see Buckingham v. Sec'y of U.S. Dep't of Agr., 603 F.3d 1073, 1081 (9th Cir. 2010) ("To be entitled to procedural due process, a party must show a liberty or property interest in the benefit for which protection is sought.").

The adequacy of specific procedural protections may vary according to context.  However, the Ninth Circuit has explained that "[i]n the absence of extraordinary circumstances, procedural due process requires notice and an opportunity to be heard before

15

any governmental deprivation of a property interest.  The form which those procedural protections must take is determined by an evaluation of all the circumstances and an accommodation of competing interests."  Tom Growney Equip., Inc. v. Shelley Irr. Dev., Inc., 834 F.2d 833, 835 (9th Cir. 1987) (citing Boddie v. Connecticut, 401 U.S. 371, 379 (1971)); see also McBride Cotton and Cattle Corp. v. Veneman, 290 F.3d 973, 982 (9th Cir. 2005) ("Generally, the Due Process Clause requires 'that individuals receive notice and a meaningful opportunity to be heard before the government deprives them of property.'") (quoting James Daniel Good Real Prop., 510 U.S. 43, 48 (1993)).

Here, the First Amended Complaint acknowledges that the Gutmann Bank account was included in the forfeiture action only after multiple proceedings before the federal district court and the Austrian courts.  (FAC ¶¶ 35-51).  Thus, it appears that Plaintiff received the minimum due process required by the Constitution.  Accordingly, the procedural due process claim must be dismissed, with leave to amend.

I. **Plaintiff Fails To State A Claim For Violation Of 18 U.S.C. § 1519**

In Claim 1, Plaintiff also alleges that Defendants violated her due process rights "in breach of 18 U.S.C. § 1519."  (FAC ¶ 70).  18 U.S.C. § 1519 is a criminal statute that prohibits destroying, altering, or falsifying records in a federal investigation.  "Plaintiffs may not premise civil liability on the

16

alleged violation of federal criminal statutes which do not provide, as a general matter, private causes of action." Idema v. Dreamworks, Inc., 162 F. Supp. 2d 1129, 1197 (C.D. Cal. 2001), aff'd in part, dismissed in part on other grounds, 90 F. App'x 496 (9th Cir. 2003), as amended on denial of reh'g (Mar. 9, 2004). Plaintiff has not shown that she has a private cause of action under this statute.  Accordingly, Plaintiff's claim for violation of 18 U.S.C. § 1519 must be dismissed, with leave to amend.

**J.  Plaintiff Fails To State A Claim Under Federal Rule of Civil Procedure 9**

In Claim 2, Plaintiff alleges that Defendants' committed acts of fraud in violation of Rule 9.  (FAC ¶¶ 74-78).  Rule 9 states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  However, the Federal Rules of Civil Procedure do not create a separate, private cause of action.  See Port Drum Co. v. Umphrey, 852 F.2d 148, 149-50 (5th Cir. 1988) (The Federal Rules "only implement the exercise of jurisdiction otherwise conferred by Congress and do not provide an independent basis for parties without any other jurisdictional grant to get into federal court in the first place."); Pineville Real Estate Operation Corp. v. Michael, 32 F.3d 88, 90 (4th Cir. 1994) ("the Rules are not "laws" . . . and . . . they cannot be the basis for federal question jurisdiction"); accord Ins. Tr. v. River Trails Sch., No. 03 C 4889, 2003 WL 22016880, at *1 (N.D. Ill. Aug. 27, 2003); Wentworth v. Hedson, 248 F.R.D. 123, 125 (E.D.N.Y. 2008); cf.

Church of Scientology Int'l v. Kolts, 846 F. Supp. 873, 878 (C.D. Cal. 1994) ("while the Code [of Conduct for United Sates Judges] may have the force of law, it does not seem to provide a grant of jurisdiction"). Accordingly, Plaintiff's claim for violation of Rule 9 must be dismissed, with leave to amend.

**K.    Plaintiff Fails To State A Conspiracy Claim**

In Claim 4, Plaintiff alleges a conspiracy, in violation of 42 U.S.C. § 1985(3). (FAC ¶¶ 84-93). To state a cause of action under § 1985(3), "a plaintiff must demonstrate a deprivation of a right motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." RK Ventures, Inc. v. City of Seattle, 307 F.3d 1045, 1056 (9th Cir. 2002) (citation omitted); accord Turner v. Larsen, 536 F. App'x 748 (9th Cir. 2013) ("The district court properly dismissed Turner's § 1985(3) claim because Turner failed to allege facts showing that a discriminatory animus motivated the alleged conspiracy to deprive him of his rights."); Tanasescu v. Kroger Co., No. SACV 14-1437, 2014 WL 10518286, at *8 (C.D. Cal. Aug. 20, 2014), report and recommendation adopted, No. SACV 14-1437, 2015 WL 5768380 (C.D. Cal. Sept. 29, 2015) ("To state a cognizable claim under . . . § 1985(3), a plaintiff must show that racial or class-based animus motivated the defendants."). Further, a § 1985(3) claim "must allege facts to support the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient." Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988).

Plaintiff does not allege facts showing that Defendants conspired to deprive her of equal protection of the laws due to her membership in a protected class. Nor does Plaintiff provide specific factual allegations supporting her conspiracy claim. Therefore, Plaintiff's allegations in Claim 4 are improper. Accordingly, the conspiracy claim must be dismissed, with leave to amend.

## V.

### CONCLUSION

For the reasons stated above, the First Amended Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, she is granted **thirty (30) days** from the date of this Memorandum and Order within which to file a Second Amended Complaint. In any amended complaint, the Plaintiff shall cure the defects described above. **Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the original complaint.** The Second Amended Complaint, if any, shall be complete in itself and shall bear both the designation "Second Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to any previously filed complaint in this matter. **PLAINTIFF IS SPECIFICALLY ADVISED TO OMIT ANY CLAIMS THAT ARE BARRED BY A LACK OF JURISDICTION OR ON IMMUNITY GROUNDS, unless those defects can be corrected.**

In any amended complaint, Plaintiff should confine her allegations to those operative facts supporting each of her claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, <u>a copy of which is attached.</u>** In any amended complaint, Plaintiff should identify the nature of each separate legal claim and make clear what specific factual allegations support each of her separate claims. Plaintiff is strongly encouraged to keep her statements concise and to omit irrelevant details. **<u>It is not necessary for Plaintiff to cite case law, include legal argument, or attach exhibits at this stage of the litigation</u>. Plaintiff is also advised to omit any claims for which she lacks a sufficient factual basis.**

1    **Plaintiff is explicitly cautioned that failure to timely file**
2    **a Second Amended Complaint or failure to correct the deficiencies**
3    **described above, will result in a recommendation that this action**
4    **be dismissed with prejudice for failure to prosecute and obey court**
5    **orders pursuant to Federal Rule of Civil Procedure 41(b).**
6    **<u>Plaintiff is further advised that is she no longer wishes to pursu</u>**
7    **<u>this action,  she may  voluntarily dismiss it by filing a Notice</u>**
8    **<u>of Dismissal in accordance with Federal Rule of Civil Procedure</u>**
9    **<u>41(a)(1).  A form Notice of Dismissal is attached for Plaintiff's</u>**
10   **<u>convenience.</u>**

11

12   DATED:  February 26, 2018

13

14                                    _____
                                         /S/
                                     SUZANNE H. SEGAL
15                                   UNITED STATES MAGISTRATE JUDGE

16

17

18        THIS ORDER IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS,
     OR ANY OTHER LEGAL DATABASE.

19

20

21

22

23

24

25

26

27

28